IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNSON COUNTY D.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-216-B-BN |
| | § | |
| RANDALL EUGENE WRIGHT, | § | |
| TDCJ No. 1262049, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Randall Eugene Wright, currently a Texas prisoner, was convicted of multiple counts of sexual assault of a child and aggravated sexual assault of a child in Johnson County, Texas in 2004, *see State v. Wright*, Nos. F37320 & F37321, and, proceeding *pro se*, Wright now purports to remove to federal court, under 28 U.S.C. §§ 1441 and 1443, a lawsuit filed against him by the District Attorney of Johnson County, seeking to civilly commit Wright under the sexually-violent-predator provisions of Chapter 841 of the Texas Health and Safety Code, *see* Dkt. No. 3.

United States District Judge Jane J. Boyle referred the removed action to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, this lawsuit should be *sua sponte* remanded to the state court from which it was removed.

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. §
1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear
a case of this nature if it involves a question of federal law or where diversity of
citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

And, due to the limited nature of the federal courts' jurisdiction, "[t]he burden
of establishing subject matter jurisdiction in federal court rests on the party seeking
to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th
Cir. 1998) (footnote omitted).

Relatedly, the Court has an independent duty to ensure that there is subject
matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84
(1999), since "[j]urisdiction is the power to say what the law is," *United States v.
Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Wright appears to allege that federal law supports removal, arguing that, to
the extent that the District Attorney intends, through a civil commitment proceeding,
to delay Wright's release to parole, the D.A.'s "claims involve a federal question under
28 U.S.C. § 2241 and § 2254." Dkt. No. 3 at 3; *see also id.* at 3-4 (further alleging that
there are federal questions under the Due Process and the Equal Protection Clauses
of the Fourteenth Amendment).

But these invocations of federal law are merely defenses to a state law
proceeding. And where "[t]he 'sexually violent predator' civil-commitment proceeding
is a creation of Texas state law," Wright "cannot create federal jurisdiction by simply

raising federal Constitutional questions as defenses." *Dunsmore v. Davis*, No. 3:16-CV-301, 2016 WL 10718859, at *1 (S.D. Tex. Oct. 25, 2016) (citation omitted); *see also id.* ("A state-law proceeding does not raise a federal issue simply because the parties may ultimately litigate a federal issue." (citations omitted)); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

And, while Wright may cite 28 U.S.C. § 1443, "the 'equal civil rights' language of 28 U.S.C. § 1443 [is] limited to those rights grounded in racial equality." *Dunn v. Miller*, 695 F. App'x 799, 800 (5th Cir. 2017) (per curiam) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); collecting cases).

So, where a removing defendant – like Wright here – "makes no such claim," "the district court lack[s] jurisdiction over [the] removed action under § 1443." *Id.*; *see also Easley v. Easley*, 62 F.3d 392, 1995 WL 449817, at *1 (5th Cir. June 28, 1995) (per curiam) ("Easley does not allege facts, either in the district court or on appeal, to support his contention that removal was proper under § 1443; he has not alleged the denial of a right arising 'under a federal law providing for specific rights stated in terms of racial equality.' Easley fails to mention racial equality at all. Therefore, this is not a case removed under § 1443, the civil rights-jurisdiction statute." (quoting *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982))). *Cf. Flitsch v. Guardino*, No. 22-20247, 2023 WL 4015125, at *1 (5th Cir. June 13, 2023) (per

curiam) ("[W]hen a defendant's attempted removal lacks even the barest connection with the requirements of § 1443, merely invoking that provision does not supply jurisdiction to review a remand order." (collecting cases)).

The Court is therefore required to *sua sponte* remand this case to state court under 28 U.S.C. § 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original). *Cf. Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023) ("Either the federal courts have subject matter jurisdiction, and the plaintiffs' claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court. Federal jurisdiction is not a game of whack-a-mole.").

## Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Johnson County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 12, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE